**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Matthew M. Graves
U.S. Attorney, Dist of Columbia
601 D St, nw
Washington, D.C. 20530-0001

9590 9402 7977 2305 3467 08

2. Article Number (Transfer from service label)

9414 7120 6204 3697 8578 6

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by (Printed Name)

APR 0 2 2024

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

INSPECTED 9

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

| | |
|---|---|
| **From:** | USADC-ServiceCivil |
| **To:** | Heidi Bottom |
| **Subject:** | RE: Thomas Larson v. Merrick Garland, Attorney General; Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security / Civil Action No. 1:24-cv-00808-RBW / Summons In a Civil Action |
| **Date:** | Monday, April 1, 2024 9:32:27 AM |
| **Attachments:** | image001.png |

[EXTERNAL]
Your service package has been received and accepted with a service date of March 26, 2024. Moving forward, please be sure to combine all papers into a single PDF unless the file exceeds 20mb, prompting the need to send serial emails.

Thank you.

---

**From:** Heidi Bottom <hbottom@fedpractice.com>
**Sent:** Tuesday, March 26, 2024 10:38 AM
**To:** USADC-ServiceCivil <USADC-ServiceCivil@usa.doj.gov>
**Cc:** Debra D'Agostino <DDAgostino@fedpractice.com>; Jadyn Marks <jmarks@fedpractice.com>; Emma Lark <ELark@fedpractice.com>
**Subject:** [EXTERNAL] Thomas Larson v. Merrick Garland, Attorney General; Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security / Civil Action No. 1:24-cv-00808-RBW / Summons In a Civil Action

Dear Sir or Madam,

Please find the attached Summons in a Civil Action related to the matter of *Thomas Larson v. Merrick Garland, Attorney General; Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security.*  Thank you.

V/r,



**Heidi Bottom**
**Senior Paralegal**
**Federal Practice Group**
801 17th Street, NW, Suite 250 | Washington, DC 20006
P: 202-808-3129 | F: 888-899-6053
hbottom@fedpractice.com | www.FedPractice.com

## WE MOVED!! PLEASE NOTE OUR NEW OFFICE ADDRESS!!

Attorney/Client Privileged, Protected and Confidential Communication. Confidentiality / Privilege Notice: This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged and/or otherwise protected from disclosure.  If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering such to the intended recipient, you are hereby notified that any use, disclosure or copying of this e-mail and any attachments is strictly prohibited.  This transmission, including attachments, may be covered by the Electronic Communications Privacy Act, 18 U.S.C. ? 2510 et seq., and any unlawful interceptions of such may be actionable under 18 U.S.C. §2520.  If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

$10.88 US POSTAGE
7 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 1
RETAIL

062S0001443184
7995402
FROM 20006

stamps
endicia
03/26/2024

## USPS FIRST CLASS MAIL®

Federal Practice Group
1750 K Street, NW, Suite 900
Washington DC 20006-2317

SHIP
TO:
Matthew M. Graves
U.S. Attorney, District of Columbia
601 D St Nw
Washington DC 20530-0001

### USPS CERTIFIED MAIL™



9414 7112 0620 4369 7857 86

FIED MAIL®

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent  ☐ Addressee<br>B. Received by *(Printed Name)*    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Matthew M. Graves<br>U.S. Attorney, Dist of Columbia<br>601 D St, NW<br>Washington, D.C. 20530-0001 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 7977 2305 3467 08 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>9414 7112 0620 4369 7857 86 | |
| PS Form **3811**, July 2020 PSN 7530-02-000-9053 | Domestic Return Receipt |

# USPS Tracking®

FAQs >

Tracking Number:                                                                    Remove ✕

## 9414711206204369785786

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was picked up at a postal facility at 4:54 am on April 1, 2024 in WASHINGTON, DC 20530.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

## Delivered
**Delivered, Individual Picked Up at Postal Facility**
WASHINGTON, DC 20530
April 1, 2024, 4:54 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

Feedback

| | |
|---|---|
| **Text & Email Updates** | ∨ |
| **USPS Tracking Plus®** | ∨ |
| **Product Information** | ∨ |

**See Less** ∧

Track Another Package

Enter tracking or barcode numbers

AO 440 (Rev. 06/12; DC 3/15) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| THOMAS LARSON | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) Civil Action No. 1:24-cv-00808-RBW |
| MERRICK GARLAND, ATTORNEY GENERAL | ) |
| Alejandro Mayorkas, Secretary, U.S. Department of | ) |
| Homeland Security | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Matthew M. Graves, U.S. Attorney, District of Columbia
USADC.ServiceCivil@usdoj.gov

601 D Street, NW, Washington, D.C. 20001


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Debra D'Agostino
Jadyn T.S. Marks
Federal Practice Group
801 17th Street, NW, Suite 250
Washington, DC 20006

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



*ANGELA D. CAESAR, CLERK OF COURT*

Date: 03/25/2024 _____    /s/ Nicole M. Wilkens
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   1:24-cv-00808-RBW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THOMAS LARSON<br>800 David Drive<br>Arnold, MD 21012 | ) ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No._____ |
| ALEJANDRO MAYORKAS<br>*in his official capacity only, as*<br>Secretary<br>U.S. Department of Homeland Security<br>2707 Martin Luther King Jr Ave., S.E.<br>Washington, DC 20528-0525 | ) ) ) ) ) ) ) | |
| *Defendant.* | ) ) | |

## COMPLAINT IN A CIVIL CASE

Plaintiff Thomas Larson, through counsel, brings this civil action against Defendant Alejandro Mayorkas in his official capacity as Secretary, U.S. Department of Homeland Security (DHS), for the causes of action that follow:

## NATURE OF THE CASE

Plaintiff Thomas Larson brings this civil action pursuant to the Rehabilitation Act, 29 U.S.C. § 701, et seq., for relief from discrimination and harassment based on his disability and retaliation for protected activity when his employer, the U.S. Department of Homeland Security (DHS), U.S. Secret Service (USSS), placed him on administrative leave, suspended his security clearance, proposed indefinite suspension, denied that Plaintiff was medically unable to work and reasonable accommodation, and interfered with his request for leave bank donations.

## PARTIES

1.      Plaintiff Thomas Larson resides in Arnold, Maryland. The U.S. Department of Homeland Security (DHS), United States Secret Service (USSS), employed Mr. Larson as a Police Officer.

2.      Defendant Alejandro Mayorkas is being sued in his official capacity as Secretary of DHS. The USSS, which committed the discriminatory and retaliatory acts giving rise to this action, is a federal law enforcement agency under the DHS.

3.      Defendant is subject to suit for the discriminatory acts of its employees or agents, committed during the course and scope of their employment at DHS. Therefore, Defendant is liable pursuant to the doctrine of *Respondeat Superior.*

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as it asserts claims that arise under the Constitution, law, or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the Rehabilitation Act, 29 U.S.C. § 701, et seq.

5.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(e)(1) and 5 U.S.C. § 703 because Defendant employed Plaintiff in Washington, D.C.

## EXHAUSTION OF REMEDIES

6.      Mr. Larson exhausted his administrative remedies for the claims he brings in this Complaint.

7.      On June 17, 2022, Mr. Larson filed a formal complaint of discrimination, identified as HS-USSS-02053-2022, with claims of harassment and discrimination based on disability and retaliation. On July 11, 2022, USSS accepted Mr. Larson's complaint for investigation, and

following the investigation, Mr. Larson requested a hearing before the U.S. Equal Employment Opportunity Commission (EEOC), which identified his complaint as EEOC Hearing No. 570-2023-00948X.

8.      On October 27, 2023, Mr. Larson voluntarily withdrew his hearing request from the EEOC, and on December 21, 2023, USSS issued a Final Agency Decision.

### STATEMENT OF FACTS

9.      At all times relevant to the complaint and since 2010, Mr. Larson was a Police Officer, LE-0083-01, in the United States Secret Service (USSS) Uniformed Division (UD).

10.     On November 23, 2017, Mr. Larson was in an accident while on duty and suffered a severe concussion and back injury as a result. In a report prepared on March 7, 2019, Mr. Larson's doctors noted that he still suffered visuomotor problems, trouble concentrating, near constant back pain, and depression. On June 19, 2019, Mr. Larson's doctor cleared him to work light duty. While Mr. Larson attempted to work light duty, he experienced trouble concentrating and fatigue, and on September 10, 2019, Mr. Larson's doctor deemed him incapacitated for duty. After additional treatment, Mr. Larson was able to return to work full time on October 28, 2019.

11.     On December 22, 2020, Mr. Larson took the COVID-19 vaccine issued by White House Medical and a few weeks later was hospitalized following an adverse reaction including a rash and swelling, thought to be a hyper-immunity reaction. The rash persisted for several months, despite treatment, and Mr. Larson was unable to return to work until May 6, 2021.

12.     On March 27, 2021, Mr. Larson submitted a claim for workers' compensation through the USSS's Employees' Compensation Operations & Management Portal (ECOMP) related to the COVID-19 vaccine injury. On April 7, 2021, the U.S. Department of Labor's Office of Worker's Compensation (OWCP) acknowledged receipt of Mr. Larson's claim and indicated

that "evidence supports that the vaccine Mr. Larson received on 12/22/2020 was sponsored or administered by your employing agency."

13.     On August 30, 2020, OWCP notified Mr. Larson and USSS that it accepted his claim but was not entitled to continuation of pay (COP) at that time. The notice informed USSS that "If Form CA-7 claiming compensation for wage loss is filed, you are reminded that 20 C.F.R. §10,111(c) requires the submission of a CA-7 within 5 working days."

14.     On May 6, 2021, Mr. Larson returned to duty.

15.     On August 31, 2021, OWCP indicated that Mr. Larson was not entitled to COP during his "absence from work" because the "injury was not reported on a form approved by OWCP within 30 days following the injury." OWCP also informed Mr. Larson that he could "claim compensation for wage loss resulting from this decision by filing Form CA-7 through your employer."

16.     On October 4, 2021, Mr. Larson's treating physician declared him incapacitated for duty. In a report, Mr. Larson's physician explained that Mr. Larson "attempted to work in full gear, but exhibited increased pain and anxiety. He cannot sit in a car on duty or use a bicycle." Mr. Larson informed his chain of command and asked whether the Form CA-7 "is handled by the job," or if he needed to file it. Sergeant Nicole Pittman sent an email to Human Resources indicating that Mr. Larson "has been deemed incapacitated for work but does not currently have sick leave," and the next day emailed Rona Woodfolk, Human Resource Specialist, for guidance.

17.     On October 13, 2021, Mr. Larson sent doctor's notes to management and Ms. Woodfolk asking for assistance with Form CA-7. Ms. Woodfolk replied, removing Mr. Larson from the email chain, and asking, "Again, do not [know] why he's not on light duty? Looks to me as he should have returned to work a while ago on a restricted schedule." Kathryn Mullinax,

Occupational Health Nurse, Safety, Health and Environmental Program Division (SAF), who manages the Limited Duty Program and Medical Review Board, replied, "I am actually appalled that DOL accepted the claim? He wanted SAF to override his previous doctor for limited duty and I was about to tell him 'no' when he sent this note taking him out of work. There is NO reason for him to be out of work...Very frustrating." Sergeant Pittman explained, "When Larson was returned to full duty, he was transferred to Foreign Missions Branch (FMB). They provide protection for the embassies so he is in a patrol vehicle … responding to … calls for service. I don't believe his physician is aware that he has the option to work desk work or limited duty... how can [we] ensure that they know it's an option?" Ms. Woodfolk then stated, "You should be questioning the medical that he has been submitting to you guys." After further exchange, Ms. Woodfolk stated, "Regardless whether he has an accepted claim. The medical does [not] justify him being out. He should be accommodated according to his limitations." Ms. Mullinax responded, "We cannot just make him work him limited duty if the doctor writes that he cannot work."

18.     At the end of the day, October 13, 2021, Ms. Woodfolk informed Sergeant Pittman that Mr. Larson should be coded as using sick leave, annual leave, or leave without pay (LWOP) "as he does not have the medical justification to go onto DOL ROLLS," and that management should ask him to provide "a detailed medical report listing his restrictions and accommodate accordingly."

19.     On October 14, 2021, Ms. Woodfolk informed management that OWCP referred Mr. Larson's case to the District Medical Examiner, and that they should quickly have him obtain his limitations from his physician and "then assign[] him to light duty accordingly," "as he doesn't have the necessary medical to justify him going onto the DOL rolls." Inspector Vincent Gregory asked for clarification, and Ms. Woodfolk responded that they need to acquire documentation from

5

Mr. Larson' physician "so that your office can accommodate accordingly."

20. On October 18, 2021, Mr. Larson followed up with Ms. Woodfolk about his CA-7 noting that he exhausted most of his leave. Ms. Woodfolk replied that she needed an "updated medical checklist and supporting detailed medical report stating specifically why your light duty assignment was no longer sufficient." Mr. Larson responded with the medical checklist, the doctor's note stating that he is incapacitated, his doctor's office notes, and the letter from OWCP with the accepted conditions for the vaccine injury.

21. On October 19, 2021, Ms. Woodfolk sent an email to Inspectors David Garrett and Pittman stating that Mr. Larson's "medical documentation does not support him being totally incapable of work. He should be placed in a limited duty assignment based on his restrictions, which I was told that he currently was until he somehow stopped. If he doesn't want to work in the light duty assignment; then he must utilize his own SL, AL, or LWOP as his medical does not support him going onto the OWCP Rolls." Inspector Garrett replied that Mr. Larson "produced a doctor's note advising he was incapacitated," which Ms. Woodfolk deemed "not sufficient to put him out of work. It tells me that he can at least [work] light duty in which our Dr agreed."

22. On October 21, 2021, Ms. Woodfolk expressed confusion over why Mr. Larson was not willing to return to a light duty assignment stating that the medical documentation did not meet the criteria for him to go onto workers compensation and requested that Mr. Larson's case be reviewed by OWCP's District Medical Examiner in hopes of a second opinion.

23. On October 22, 2021, Mr. Larson emailed Ms. Woodfolk, explaining that his treating physician also treated his previous back and head injuries, and thus the doctor's notes will include notes relating to those injuries. Mr. Larson stated that his doctor deemed it necessary for him to recover from his vaccine injury at home, and that OWCP approved the claim.

24.     On October 25, 2021, Mr. Larson emailed Ms. Woodfolk's supervisor requesting assistance because she was failing to assist with the Form CA-7 after determining that his claim did not meet the criteria.

25.     On November 3, 2021, Mana K. Ali-Carter PhD, Rehabilitation Psychologist, prepared a letter explaining that Mr. Larson had been diagnosed with Adjustment Disorder with anxious and depressed mood, and that his response to the COVID-19 vaccine "exacerbated his overwhelm, anxiety, and depressive symptoms…"

26.     On November 5, 2021, Mr. Larson's physician approved "light duty telework" and Mr. Larson provided his physician's updated medical checklist and authorization for telework with a request for reasonable accommodation. Sergeant Pittman responded to others in management that the Uniformed Division "does not have telework positions available," but that once he is "cleared to report into work in a limited duty capacity, we will be able to accommodate the need for sedentary work."

27.     On November 8, 2021, Ms. Woodfolk emailed Dr. Nadeem Siddiqui, Supervisory Medical Officer, USSS, asking, "it is my understanding that Ofc. Larson should be able to be assigned to a light duty office assignment to keep him in pay status. Can you or your shop please advise UD with acceptable light duty options?" Inspector Garrett clarified, "His latest check list said he was only cleared for telework. The Chief has not authorized a telework assignment ... If he is cleared for limited duty and can respond to work, we will have an assignment for him." Ms. Woodfolk replied, "If he can drive, he should be able to do some type of work." Dr. Siddiqui then explained, "If he has provided an updated checklist that lists his work status limited to Telework only, I am not able to over-ride that recommendation, especially because this is a workman compensation issue ... I did reach out to his doctor for clarification and I was told that the intention

7

was to put him off work status and an updated checklist would be provided. From practical standpoint, since employer is unable to accommodate the recommended restriction, he would be off work unless DOL challenges the specific work status restriction." Ms. Woodfolk replied, "I have just spoken with Larson's assigned DOL-OWCP Claims Examiner (CE) and he is going to send a letter to his physician for more detailed information as to why a rash would deem Ofc Larson from doing sedentary work in an office setting. As I had mentioned before and [p]er his CE, Ofc. Larson does not have the medical justification to be totally disabled from work due to a rash and would not be approved to be placed on DOL Rolls. The CE stated 'If Ofc. Larson remains out. It is on his accord.'"

28.     Also on November 8, 2021, OWCP asked Mr. Larson's doctor about his current diagnosis and ability to work. Mr. Larson's doctor responded that he "is not able to perform his full duty position currently due to the pain and pruritus that the rash causes. In fact, he is unable to wear a uniform because contact with the clothing on his skin exacerbates the symptoms." Mr. Larson emailed his updated medical documentation to Ms. Woodfolk and requested assistance with his OWCP claim again.

29.     On November 11, 2021, Mr. Larson sent a request for assistance and statement detailing his work-related injury and medical documentation to Human Resources, the Office of the Chief, and Safety & Health division.

30.     On November 22, 2021, Mr. Larson provided an evaluation by Dr. Ali-Carter to Ms. Woodfolk which stated that she determined that "Mr. Larson's psychological and neurocognitive profile makes him unfit for duty as a Secret Service Officer currently."

31.     On November 30, 2021, Mr. Larson emailed Ms. Woodfolk, resending Dr. Ali-Carter's medical record declaring him unfit for duty and notes from his nephrologist about his

vaccine injury and related diagnosis. Mr. Larson also explained that he exhausted his leave and was "hoping for a resolution before I am considered AWOL." Ms. Woodfolk replied, "The medical that you have been sending to everyone is solely not related to your 12/26/20 claim. You have two separate cases with DOL-OWCP (11/23/17 and 12/26/20) that you are trying to merge together. You were deemed fit to return to full duty from your 11/23/17 injury and began that on 8/5/19." She further stated, "there is nothing that you nor your treating physician have provided that you are incapable of working in a sedentary position regarding your 12/26/20 case. Once we receive the information requested by your Claims Examiner from your physician, we will take a look and discuss next steps."

32.     After receiving this response, on December 1, 2021, Mr. Larson requested USSS assign someone other than Ms. Woodfolk to work with him on his Form CA-7, and Wanda Washington, Division Chief, Human Resources, conferred with Ms. Woodfolk who stated, "It is so clear that he is mixing his cases together and doesn't want to work. I can't make DOL pay him, if he doesn't provide them with the appropriate medical." Ms. Washington instructed Ms. Woodfolk to not respond to any other inquiries from Mr. Larson to which Ms. Woodfolk replied, "Don't worry, I [am] done with communicating with him." Ms. Woodfolk explained that before taking further action, she "want[ed] to make sure" that Mr. Larson's "CA7 submission will be approved for compensation because if it isn't their pay would be interrupted." She further stated that the Form CA-7 "would not be approved as there was no detailed medical received showing total disability."

33.     On December 30, 2021, Mr. Larson, through Inspector Garrett, applied for the voluntary leave transfer program (VLTP), which required medical documentation to support that Mr. Larson had a serious health condition.

34.     On January 4, 2022, Mr. Larson filled out and submitted paperwork to request Family and Medical Leave Act (FMLA) leave in conjunction with his request to be placed on the annual leave donation list and requested leave bank donations to remain in a paid status.

35.     On January 20, 2022, Mr. Larson sent an email to several USSS employees about his work-related illness/injury and requesting leave donations. Mr. Larson was contacted by several coworkers who saw his email and wanted to donate leave to him. At approximately 3:00 pm that day, coworkers contacted Mr. Larson and advised that they were unable to donate any leave because Mr. Larson's email had been deleted from the server. Mr. Larson was not able to access the email in his sent folder.

36.     On January 21, 2022, Inspector Garrett emailed Mr. Larson stating that he requested a meeting with the Chief of Benefits and Payroll Division (BPD) and asking whether Mr. Larson could perform "a telework function" for another directorate. Mr. Larson replied that his medical providers declared him "temporarily incapacitated for duty." Inspector Garrett also emailed Mr. Larson and asked if anyone ever provided guidance on filing the Form CA-7. Mr. Larson referred Inspector Garrett to the emails between Mr. Larson and Ms. Woodfolk showing her inaction.

37.     Also on January 21, 2021, just after 5 p.m., Dr. Steven Fong, with SAF, sent an email to Security Chief Michael Mullen indicating that Mr. Larson's psychologist found his psychological and neurocognitive profile makes him unfit for duty. Mr. Mullen indicated that he was suspending Mr. Larson's clearance because of psychological issues and "a whole lot more to the story that involves workmans comp claims, go fund me pages, official messages Officer Larson has sent out regarding his situation and to drum up interest in his go fund me page. Supposedly after one day he raised $15000 and had a significant amount of leave donated to him."

38.     On January 21, 2022, at approximately 9 p.m., Inspector William Sturdivant and

10

Captain Tyler Ray, Deputy Branch Commander, showed up at Mr. Larson's house and ordered Mr. Larson to turn over his government issued gear, credentials, and phone. Inspector Sturdivant directed Mr. Larson to report to Headquarters on January 24, 2022, to meet with Inspector Ricky K. Neal Jr., Deputy Chief, who was filling in for Inspector Garrett, and informed Mr. Larson that USSS placed him on administrative leave effective immediately. Mr. Larson's wife explained that Mr. Larson's treating providers specifically stated he was incapacitated for duty both physically and cognitively and that he was not permitted to drive to work. Inspector Sturdivant replied that if Mr. Larson did not attend the meeting, the Agency would charge him with misconduct.

39.     On January 22, 2022, Mr. Larson's wife spoke with Inspector Neal by telephone. She again advised him that Mr. Larson was physically and cognitively incapacitated for duty and that according to his doctor's orders, he was not permitted to drive to or from work. She again asked if a reasonable accommodation could be made by holding the meeting at his home.

40.     On January 24, 2022, Mr. Larson reported to Headquarters and Inspector Neal and Security Chief Mullen issued Mr. Larson a Notice of Suspension of Top Secret Security Clearance which asserted that the decision to suspend Mr. Larson's security clearance was based on medical documentation stating that his "psychological and neurocognitive profile" makes him unfit for duty as a Secret Service Officer and prevents him from holding a clearance. Mr. Mullen further alleged that once Dr. Fong was made aware of Dr. Ali-Carter's note, USSS had to suspend Mr. Larson's clearance.

41.     As Mr. Larson left, Inspector Neal texted and then called Mr. Larson stating he had the contents of Mr. Larson's locker and needed to meet him (Inspector Neal) in front of Headquarters to get the contents of his locker in a box.

42.     On January 27, 2022, Inspector Neal issued Mr. Larson the notice placing him on

administrative leave which stated the action was "due to concerns regarding your actions as an employee" of USSS.

43.     Approximately one week later, Mr. Larson asked Inspector Garrett what happened to the hours of leave donated by his coworkers, and asked if those leave hours would be reinstated if he ran out of Administrative Leave. Mr. Garrett replied that he no longer needed the leave donations because he was on administrative leave.

44.     On February 14, 2022, Inspector Garrett issued Mr. Larson an amended Administrative Leave notice which stated that USSS placed Mr. Larson on administrative leave "due to medical documentation provided by your physician that stated you are unfit to perform the duties of a Secret Service Police Officer."

45.     On March 28, 2022, Joseph Lozano, Deputy Chief Integrity Officer, issued a notice of Proposed Indefinite Suspension to Mr. Larson, dated March 21, 2022, proposing to indefinitely suspend him without pay due to the suspension of his Security Clearance.

46.     On May 24, 2022, Darnelly de Jesus, Deputy Assistant Director/Chief Integrity Officer, issued a Decision deciding not to effect the Proposed Indefinite Suspension and continued Mr. Larson on administrative leave.

47.     Mr. Larson adjudicated the decision to suspend his security clearance, and when Mr. Larson's clearance was eventually reinstated, he was in a no-pay status.

48.     Approximately 9 months after Mr. Larson submitted his initial request for assistance, OWCP's second opinion doctor supported and upheld Mr. Larson's other providers' findings and confirmed his work-related accepted injuries. The Department of Labor doctor recommended Mr. Larson could only work in a sedentary capacity from home for up to two hours in a day, with 10-minute breaks every half hour. Mr. Larson then spoke with Sergeant Pittman,

12

who agreed to sign and push through the Form CA-7 form to OWCP on Mr. Larson's behalf.

49.     Effective July 16, 2023, Mr. Larson separated from the Agency and was placed on disability retirement. On March 11, 2024, USSS denied Mr. Larson's application for retirement credentials.

## CAUSES OF ACTION

### COUNT 1

(Discrimination on the Basis of Disability in Violation of the Rehabilitation Act)

50.     Plaintiff incorporates by reference herein paragraphs 1-49 of this Complaint.

51.     The Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq., prohibits executive agencies from discriminating against employees because of a disability.

52.     Mr. Larson is a disabled individual as his medical conditions substantially impair several major life functions.

53.     Defendant began discriminating against Mr. Larson after he informed USSS that he was medically unable to work and applied for worker's compensation. USSS alleged Mr. Larson dishonestly conveyed his inability work; refused to assist him in submitting a Form CA-7 and interfered with his application for worker's compensation benefits; insisted he could work with accommodation and then denied any accommodation when his doctor indicated that he could telework; refused to allow him to receive donated leave; suspended his security clearance; placed him on administrative leave; and proposed indefinite suspension among other harassment and adverse treatment.

54.     As a result of Defendant's actions, Mr. Larson suffered and continues to suffer harm.

## COUNT 2

(Retaliation for Protected Activity in Violation of the Rehabilitation Act)

55.     Mr. Larson incorporates by reference herein paragraphs 1-54 of this Complaint.

56.     Mr. Larson engaged in protected activity when he requested reasonable accommodation; engaged in the interactive process; objected to Ms. Woodfolk's hostile treatment; and submitted a request for leave pursuant to the FMLA.

57.     In retaliation for Mr. Larson's protected activity, DHS suspended Mr. Larson's security clearance and later proposed him for indefinite suspension.

58.     The temporal proximity of DHS's actions in relation to Mr. Larson's protected activities establish a sufficient causal connection to establish a prima facie case of reprisal.

59.     DHS's actions would dissuade a reasonable employee from engaging in protected activity.

60.     As a result of Defendant's actions, Mr. Larson suffered and continues to suffer harm.

## REQUEST FOR RELIEF

Wherefore, Plaintiff, by and through counsel, respectfully requests that this Court:

(1) hold that the Defendant subjected Plaintiff to discrimination based on disability and reprisal;

(2) order remedial Equal Employment Opportunity and Reasonable Accommodation training for the supervising officials named in this Complaint;

(3) award damages in an amount to be determined at trial, in addition to prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for severe emotional distress, humiliation, embarrassment, and

14

exacerbation of his medical conditions;

(4) award damages in an amount to be determined at trial, in addition to prejudgment interest, to compensate Plaintiff for all economic damages, including, but not limited to, lost past and future income, service credit, and other employment benefits;

(5) grant Plaintiff an award of reasonable costs and attorney fees incurred in this civil action pursuant to 28 U.S.C. § 2412; and

(6) grant Plaintiff such other relief as the Court deems just and proper.

## JURY DEMAND

61.     Plaintiff demands a trial by jury on all triable issues set forth herein.


Dated: March 20, 2024                          Respectfully submitted,

<div style="margin-left:40%">

*/s/ Debra D'Agostino*
Debra D'Agostino (#481942)
FEDERAL PRACTICE GROUP
801 17th Street Northwest, Suite 250
Washington, DC 20006
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
ddagostino@fedpractice.com
*Counsel for Plaintiff*


*/s/ Jadyn Marks*
Jadyn Marks (#90012332)
FEDERAL PRACTICE GROUP
801 17th Street Northwest, Suite 250
Washington, DC 20006
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
jmarks@fedpractice.com
*Counsel for Plaintiff*

</div>

**CIVIL COVER SHEET**

JS-44 (Rev. 11/2020 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Thomas Larson | Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Anne Arundel** (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Washington, DC** (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Debra D'Agostino & Jadyn T.S. Marks Federal Practice Group 801 17th St., NW, Suite 250 Washington, DC 20006 | ATTORNEYS (IF KNOWN) |

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
Other Statutes
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)* **OR** ○ **F.** *Pro Se General Civil*

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Conditions
☐ 560 Civil Detainee – Conditions of Confinement

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent – Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016 (DTSA)

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

Other Statutes
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc
☐ 460 Deportation
☐ 462 Naturalization Application

☐ 465 Other Immigration Actions
☐ 470 Racketeer Influenced & Corrupt Organization
☐ 480 Consumer Credit
☐ 485 Telephone Consumer Protection Act (TCPA)
☐ 490 Cable/Satellite TV
☐ 850 Securities/Commodities/ Exchange
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/Privacy Act* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☒ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

---

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi-district Litigation   ○ 7 Appeal to District Judge from Mag. Judge   ○ 8 Multi-district Litigation – Direct File

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

29 U.S.C. § 701 - Discrimination on the Basis of Disability in Violation of the Rehabilitation Act

---

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $**<br>**JURY DEMAND: Trial by jury** | Check **YES** only if demanded in complaint<br>YES ☒   NO ☐ |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form |
|---|---|---|---|

| DATE: March 20, 2024 | SIGNATURE OF ATTORNEY OF RECORD _____ /s/ Debra D'Agostino |
|---|---|

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

**I.**  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

**III.**  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

**VI.**  CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**  RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

AO 440 (Rev. 06/12; DC 3/15)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| THOMAS LARSON | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) |
| ALEJANDRO MAYORKAS, Secretary, | ) |
| U.S. Department of Homeland Security | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Alejandro Mayorkas
Secretary
U.S. Department of Homeland Security
2702 Martin Luther King Jr. Ave., SE
Washington, DC 20528-0525

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Debra D'Agostino & Jadyn T.S. Marks
Federal Practice Group
801 17th St., NW, Suite 250
Washington, DC 20006

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*ANGELA D. CAESAR, CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                    *Server's signature*

                                               _____
                                                    *Printed name and title*


                                               _____
                                                    *Server's address*

Additional information regarding attempted service, etc: